United States District Court
for the
Southern District of Florida

| Angela Del Carmen Molina, | ) | |
|---|---|---|
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-24834-Civ-Scola |
| | ) | |
| Wells Fargo Bank, N.A., Appellee. | ) | |

## **Order Dismissing Appeal**

This matter is before the Court on pro se Appellant Angela Del Carmen Molina's appeal of the bankruptcy court's denial of her motion to extend the automatic bankruptcy stay pursuant to section 362(c)(3) of the Bankruptcy Code. For the reasons that follow, Molina's appeal is dismissed as moot.

1. **Background**

This appeal arises out of a voluntary Chapter 13 bankruptcy case filed by Molina on October 19, 2016. This was the fourth Chapter 13 bankruptcy case filed by Molina since December 27, 2011. (Appellee's Ans.; ECF No. 23, 10.) Her third filing was dismissed on April 11, 2016 and then closed on May 12, 2016, just five months prior to the filing of the instant bankruptcy petition. (*Id.* at 7.) Appellee Wells Fargo Bank, N.A. purports to be a creditor, as a successor in interest to Aurora Loan Services, LLC, which had obtained, in state court, a final judgment of foreclosure on a mortgage it held on real property owned by Molina. (*Id.* at 10.)

Ordinarily, an automatic stay is triggered by the filing of a bankruptcy petition. However, because Molina filed her current Chapter 13 case less than one year after her previous Chapter 13 case was dismissed, it is subject to the repeat-filer provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (codified in scattered sections of 11 U.S.C.). Section 362(c)(3)(A) of that act provides that, under these circumstances, the automatic stay "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Upon motion, however, the bankruptcy court may extend the stay after notice and a hearing "if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B).

On October 25, 2016, Molina filed a motion to extend or impose the automatic stay. (Bank. Dkt. ECF No. 13.) Wells Fargo opposed the motion and Molina thereafter replied. (Bank. Dkt. ECF Nos. 25 & 26.) The Court then held a hearing, at which it heard argument from the parties, and denied Molina's motion, finding "no cause to extend the automatic stay." (Bank. Dkt. ECF No. 27.) Just over two weeks later, on December 2, 2016, the bankruptcy court dismissed Molina's case, with prejudice, for her failure to make pre-confirmation-plan payments and for her failure to appear at the section 341 meeting of creditors. (Bank. Dkt. ECF No. 42.) Thereafter Molina filed a motion to reinstate her case and then a motion for a rehearing and to reconsider the denial of her motion to reinstate. The latter motion was also denied. While her appeal of the order denying her motion to extend the stay was pending in this Court, Molina also filed a notice of appeal, seeking review in the district court of the bankruptcy court's order denying her motion for rehearing of her motion to reinstate her case. That appeal, *Molina v. Neidich*, is currently pending before United States District Judge Kathleen M. Williams in Case No. 1:17-cv-20876-KMW.

## 2. Discussion

The Court finds that because Molina's bankruptcy case has been dismissed, her appeal of the order denying her motion to extend her stay is moot. Section 362(c)(2)(B) states unambiguously that an automatic bankruptcy stay ceases when the bankruptcy case is dismissed. 11 U.S.C. § 362(c)(2)(B); *see In re Lashley*, 825 F.2d 362, 364 (11th Cir. 1987) (noting the need for a debtor to obtain a stay pending appeal in order to prevent a creditor from foreclosing on debtor's property during the appeal); *see also, e.g., In re De Jesus Saez*, 721 F.2d 848, 851 (1st Cir. 1983) ("[A]n automatic stay must plainly terminate upon dismissal of the petition giving rise to it."); *In re Lomagno*, 320 B.R. 473, 478 (B.A.P. 1st Cir. 2005), *aff'd*, 429 F.3d 16 (1st Cir. 2005) ("[D]ismissal of the bankruptcy petition immediately terminates . . . the automatic stay."). Thus, any relief the Court could grant with respect to the instant appeal would have no possible effect considering the ultimate termination of any stay by reason of the bankruptcy court's dismissal of Molina's petition.

## 3. Conclusion

Molina's appeal is therefore **dismissed**. The Clerk is directed to **close** this case and any pending motions are denied as moot. Further, based on the Court's order, the need for oral argument has been obviated. The hearing previously set for **April 27, 2017** is thus **canceled**. Counsel for Wells Fargo is

directed to make their best effort to contact Molina, whether by telephone, email, or otherwise, to inform her of the cancelation of the oral argument.

**Done and ordered**, at Miami, Florida, on April 25, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

<u>Copies to via U.S. mail to</u>:
Angela Del Carmen Molina
338 Falcon Avenue
Miami Springs, FL 33166